IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SHIELDS,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　) Civil Action No. 16-707
　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN,　　　　　　　　　 )
ACTING COMMISSIONER OF　　　　　　　 )
SOCIAL SECURITY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　 )

O R D E R

　　　　　AND NOW, this 21st day of September, 2017, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in making a determination as to his residual functional capacity ("RFC"), and ultimately as to whether he was disabled, without a current medical opinion. The Court disagrees and finds that substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Plaintiff relies primarily on the Third Circuit Court of Appeals' opinion in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986), in arguing that the ALJ was required to rely upon a specific, and current, medical opinion in formulating Plaintiff's RFC. However, as the Court previously explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), this Court does not agree with Plaintiff's interpretation of Doak. Rather, the Court has consistently held that the decision in Doak does not provide that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion. Instead, the Third Circuit Court of Appeals, in Doak, held simply that nothing in the record in that case, which consisted of nothing more than testimony and three medical reports, supported the ALJ's finding that the claimant could perform light work. While the Circuit pointed out that none of the three reports contained a suggestion from a physician that the claimant could perform light work, in no way did it suggest that a finding of light work could only be supported if one of the three had expressly opined that the claimant could perform such work, nor did it find that their contrary opinions precluded such a finding *per se*.

Indeed, as this Court explained in Doty, interpreting Doak in the manner suggested by Plaintiff would ignore the fact that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). Such an interpretation would also ignore the fact that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Consistent with this later case law, Doak does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Third Circuit, in Doak, did nothing more than make a substantial evidence finding in light of the record of the case and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding. See also Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003); Cummings v. Colvin, 129 F. Supp. 3d 209, 214-17 (W.D. Pa. 2015); Carter v. Colvin, 2015 WL 1866208, at *10 n.3 (W.D. Pa. Apr. 23, 2015); Goodson v. Colvin, 2014 WL 5308021, at *3 (Oct. 16, 2014).

2

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 19) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:        Counsel of record

---

In this case, there actually were medical opinions in the record, which the ALJ discussed at significant length. Indeed, she discussed all and gave "great weight" (R. 545) to one of these opinions, that offered by the state agency medical reviewer, Frank Bryan, M.D., on October 14, 2009. (R. 354-64). While the RFC determined by the ALJ did not fully incorporate Dr. Bryan's opinion, it was actually substantially more restrictive. (R. 537). The ALJ did exactly what she was required to do in formulating the RFC by considering the entire record, including the opinions.

However, Plaintiff further argues that even if the ALJ's RFC finding had relied specifically on the reviewing agent's opinion, or any of the others, these opinions were not current enough to constitute substantial evidence. Generally speaking, there is no specific limit on how much time may pass between a medical professional's report or opinion and the ALJ's decision relying on it. See Chandler, 667 F.3d at 361. Indeed, "there is always a time lapse between the consultant's report and the ALJ hearing and decision." Id. Nonetheless, where there is a substantial amount of new evidence between the date an opinion relied upon by an ALJ is offered and the date on which the ALJ renders his or her decision, remand may be warranted. See Cadillac v. Barnhart, 84 Fed. Appx. 163, 168-69 (3d Cir. 2003); Grimes v. Colvin, 2016 WL 246963, at *2 (W.D. Pa. Jan. 21, 2016). Here, though, there was no later evidence suggesting that Dr. Bryan's opinion, or any other opinion, was no longer valid. In fact, the ALJ thoroughly discussed the evidence post-dating Dr. Bryan's opinion, much of which, as the ALJ pointed out, related to Plaintiff's drug-seeking behavior. Moreover, as mentioned above, the RFC found by the ALJ accounted for all of the evidence, and was more restrictive than the functional limitations to which Dr. Bryan opined.

Although Plaintiff also expresses some concern regarding possible unconscious bias by the ALJ, the Court emphasizes that the record shows no such issue. The decision in this case was thorough and based on all of the record evidence. Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.